UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERMAINE STEVENSON,)
    Petitioner,)
)   No. 2:16-cv-90
-v-)
)   HONORABLE PAUL L. MALONEY
JEFFREY WOODS,)
    Respondent.)
_____)

## ORDER

On June 3, 2016, the Magistrate Judge issued a report and recommendation (ECF No. 3), which "recommend[ed] that the habeas corpus petition be denied because it is barred by the one-year statute of limitations." (*Id.* at PageID.73.)

### I. STATEMENT OF FACTS

Petitioner takes no issue with the factual timeline that the Magistrate Judge lays out—indeed, Petitioner characterizes the timeline as "precise." (ECF No. 5 at PageID.78.) Since Petitioner only makes a legal argument concerning when the statute of limitations may run, the Court **ADOPTS** the Magistrate Judge's report. (ECF No. 3.)

### II. LEGAL FRAMEWORK

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which

objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

### III. ANALYSIS

Petitioner advances a single argument in opposition to the Magistrate Judge's recommendation. He argues that the one-year statute of limitations "will not run its course until approximately October 15, 2016" because the proper starting point, in his view, is one year from the date the Michigan Court of Appeals upheld the denial of his motion for relief from judgment. (ECF No. 5 at PageID.78–79.)

As an initial matter, the Court will note that Petitioner's arguments have already been directly refuted by the Magistrate Judge, and the objection arguably does not "pinpoint those portions of the magistrate's report that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because

2

the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").

Nonetheless, the Magistrate Judge's legal analysis was correct in all respects.

The one-year limitation period runs from the latest of several periods. *See* 28 U.S.C. § 2244(d). In this case, Petitioner had one year from the date of his *criminal* conviction (October 28, 1996) to file his petition or to otherwise toll the running limitations period.

Inexplicably, Plaintiff waited until April 2, 2014 to file a motion for relief from judgment. Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled when a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003).

Petitioner has not argued in his objection that equitable tolling is proper, and he has not argued that the Magistrate Judge erred when concluding that "Petitioner has wholly failed to provide evidence of actual innocence." (ECF No. 3 at PageID.73.) Accordingly, Petitioner is neither entitled to equitable tolling nor excused from the statute of limitations.

The Court **OVERRULES** Petitioner's objection. (ECF No. 5.)

The Report and Recommendation is **ADOPTED** in full as the opinion of this Court. (ECF No. 3.). A certificate of appealability is **DENIED**.

## CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam).

A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009).

No reasonable jurist would debate that Petitioner's petition is time-barred. He has advanced no objection that would warrant equitable tolling or an exception to the one-year statute of limitations. The Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:   September 23, 2016                              /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        United States District Judge