UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JERMAINE STEVENSON,

                    Petitioner,                    Case No. 2:16-cv-90

v.                                                 Honorable Paul L. Maloney

JEFFREY WOODS,

                    Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

Petitioner Jermaine Stevenson is incarcerated with the Michigan Department of Corrections at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Following a jury trial in the Wayne County Circuit Court, Petitioner was convicted of first-degree murder and felony firearm. On January 26, 1993, the court sentenced Petitioner to respective prison terms of life without the possibility of parole and 2 years.

On April 8, 2016, Petitioner initiated this action by filing an application for habeas corpus relief. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner signed his original application on April 4, 2015. (Pet., ECF No. 1, PageID.20.) The petition was received by the Court on April 8, 2016. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

Following the filing of this action, the Court reviewed Petitioner's application and determined that his claims were barred by the pertinent statute of limitations. Petitioner's action was dismissed on September 23, 2016. (ECF Nos. 8 and 9.) The Sixth Circuit Court of Appeals subsequently denied Petitioner a certificate of appealability. (ECF No. 16.) Petitioner's subsequent attempts to obtain relief from the federal courts were summarized by the Sixth Circuit on May 4, 2018:

In April 2016, Stevenson filed a § 2254 petition in the United States District Court for the Western District of Michigan. See Stevenson v. Woods, No. 2:16-CV-90, 2016 WL 5334601, at *1 (W.D. Mich. Sept. 23, 2016). The Western

District dismissed the first petition as untimely, and we denied Stevenson a certificate of appealability.  Eleven days before the Western District dismissed the first petition, Stevenson filed another § 2254 petition in the United States District Court for the Eastern District of Michigan.  The Eastern District, upon learning of Stevenson's earlier petition, dismissed the second as "duplicative," finding that it "raise[d] the same claims."

Noting that the second petition sought to raise three grounds not mentioned in the first petition, we granted a certificate of appealability to consider whether the Eastern District should have construed the second petition as a motion to amend the first petition.  By order dated September 18, 2017, we determined that the Eastern District abused its discretion by failing to transfer the second petition to the Western District because a subsequent § 2254 petition filed while the petitioner's initial petition is still pending should be construed as a motion to amend the initial petition under Federal Rule of Civil Procedure 15.  See In re Deal, No. 15-6023 (6th Cir. May 9, 2016) (citing United States v. Sellner, 773 F.3d 927, 931-32 (8th Cir. 2014)); Woods v. Carey, 525 F.3d 886, 890 (9th Cir. 2008); Whab v. United States, 408 F.3d 116, 119 (2d Cir. 2005)); see also Clark v. United States, 764 F.3d 653, 658 (6th Cir. 2014) ("A motion to amend [pursuant to Rule 15] is not a second or successive [habeas] motion when it is filed before the adjudication of the initial § 2255 motion is complete. . . .").  We thus vacated the Eastern District's dismissal order and remanded the case for transfer to the Western District of Michigan with instructions to consider the second petition as a motion to amend Stevenson's first petition. Stevenson v. Woods, No. 16-2577 (6th Cir. Sept. 18, 2017).

The Eastern District transferred the case to the Western District as directed by our September 18, 2017, order.  The Western District did not follow our instructions, however, and instead transferred the case back to this court for consideration as an application to file a second or successive habeas petition pursuant to 28 U.S.C. § 1631 and In re Sims, 111 F.3d 45, 47 (6th Cir. 1997). Stevenson v. Horton, No. 2:17-CV-177 (W.D. Mich. Jan. 9, 2018).  Because we have already determined that the second petition was not second or successive— but instead should be construed as a motion to amend the first petition—the proper disposition is to remand the case to the Western District for consideration in accordance with our September 18, 2017, order.

See Stevenson v. Horton, Case No. 2:17-cv-177, ECF No. 18, PageID.144-145 (W.D. Mich.).

Consequently, the instant case was reopened on May 11, 2018, pursuant to ECF No. 19 filed in

Case No. 2:17-cv-177.

3

Currently before the Court is Petitioner's motion to amend / correct, his amended habeas corpus petition, and his brief in support.  (ECF Nos. 17 and 18.)

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).   Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> > (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

As noted by the Court in June 3, 2016, Report and Recommendation, as well as in the September 23, 2016, Order Adopting the Report and Recommendation (ECF Nos. 3 and 8),

4

the Michigan Supreme Court denied his application on July 29, 1996.  The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired.  *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on October 28, 1996.  The Court found that the statute of limitations for Petitioner's claims expired on October 28, 1997.

Petitioner now claims that the United States Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012), which was decided on June 25, 2012, and held that mandatory life imprisonment without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment provides him with a new basis for challenging his sentence.  As noted above, where the right being asserted has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, the statute of limitations shall run from the date on which the constitutional right asserted was initially recognized by the Supreme Court, or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Petitioner claims that after *Miller v. Alabama* was decided, the MDOC issued every juvenile offender sentenced to mandatory life without parole  a new Basic Information Sheet, and that he received his in November of 2012 with the heading "Juvenile Lifer Review 10-30-12."  Giving Petitioner the benefit of the latest date for discovering the factual predicate of this claim, November 31, 2012, Petitioner had one year from that date, or until November 31, 2013, to file a habeas corpus petition or otherwise toll the running of the statute of limitations.  As noted above, Petitioner did not file his motion for relief from judgment until April 2, 2014.  Therefore, the statute of limitations had already run.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court.  *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009).  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007); *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case.  The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").  Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In his amended habeas corpus petition, Petitioner claims that he should be able to proceed with his habeas action because he has new evidence showing actual innocence. In *McQuiggin v. Perkins*, 569 U.S. 383, 391-393 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399-400.

In the instant case, Petitioner asserts that he was a juvenile in the custody of the Wayne County Probate Court at the time the crime was committed. As support for his claim of actual innocence, Petitioner claims that the United States Supreme Court decision in *Miller v. Alabama*, 567 U.S. 460 (2012), which was decided on June 25, 2012, held that mandatory life imprisonment without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment. *Id.* at 465. However, the holding in *Miller v. Alabama* does not constitute evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Therefore, because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210.  This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations.  Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application was timely.  Therefore, I recommend that a certificate of appealability should be denied.

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.  I further recommend that a certificate of appealability be denied.

Dated:    July 9, 2018                          /s/ Timothy P. Greeley
                                                Timothy P. Greeley
                                                United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).