UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

Jermaine Stevenson,           )
    Petitioner,           )
               )           No. 2:16-cv-90
-v-           )
               )           HONORABLE PAUL L. MALONEY
Jeffrey Woods,           )
    Respondent.           )
               )

## OPINION

Petitioner Jermaine Stevenson filed a second petition in the Eastern District of Michigan under 28 U.S.C. § 2254 while his original petition was pending before this Court. On September 23, 2016, the Court found that the first petition was time-barred and denied a Certificate of Appealability. Three weeks later, the petition filed in the Eastern District was transferred to this Court. The Court issued an order transferring the subsequent petition as Second or Successive, but the Sixth Circuit remanded, finding that because the second petition was *filed* before the first petition was resolved, the second petition should have been treated as a motion to amend the original petition, ignoring that the Court had issued a judgment prior to obtaining jurisdiction over the second petition.

On July 9, 2018, the magistrate judge issued an R & R recommending that the second petition be dismissed as time-barred. Petitioner filed objections, and then a second set of objections, styled as a motion to amend or supplement his objections. That motion is **GRANTED** and the Court will address the arguments made in both filings (ECF Nos. 25–26.)

Statement of Facts

Petitioner was convicted in Wayne County Circuit Court of first-degree murder and felony firearm. He was sentenced to life without the possibility of parole and two years on the respective counts. His date of birth is August 23, 1973, and the offense occurred on November 15, 1991. He had thus attained 18 years of age at the time he committed first degree murder.

On April 8, 2016, Petitioner filed his original habeas petition, which was found to be time-barred on September 23, 2016. But 11 days before the Court did so, Petitioner filed a second § 2254 Petition, this time in the Eastern District of Michigan. That court dismissed the second petition as duplicative. The Sixth Circuit examined the second petition, found that it raised different claims than the first petition, and vacated the Eastern District's dismissal with instructions to transfer the Petition to the Western District to consider it as a motion to amend. Those amended claims, first presented in the Eastern District, are now before the Court.

Petitioner's Amended Habeas Petition asserted four claims for relief. The magistrate judge's Report and Recommendation focused largely on Petitioner's fourth claim—that the sentence he received was unconstitutional. Ultimately, the magistrate judge found the petition time-barred and concluded that neither equitable tolling or actual innocence applied to overcome the statute of limitations.

Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and

2

recommendation (R & R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R & R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*per curiam*) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Discussion

Petitioner raises four claims for relief in his Amended Petition under § 2254. However, the first three claims (arguing that the state court lacked jurisdiction and that he received ineffective assistance of counsel) are time-barred for the reasons given in the Court's prior opinions addressing Petitioner's first § 2254. (*See* ECF No. 3, 8.) The statute of limitations expired on these claims on October 28, 1997. 28 U.S.C. § 2244(d)(1).

Petitioner's fourth claim implicates a newly-announced retroactively applicable rule of constitutional law, and it is therefore subject to a different statute of limitations. Plaintiff

asserts that his sentence to mandatory life without parole violated his Eighth Amendment right to be free from cruel and unusual punishment because he was a juvenile. The Supreme Court held such sentences unconstitutional in *Miller v. Alabama*, 567 U.S. 460 (2012). *Miller* was decided on June 25, 2012, so Petitioner had one year from that date to file this claim. He did not do so.

Petitioner argues that his failure to do so was excused because he did not become aware of *Miller* until the MDOC issued a Basic Information sheet to all juvenile offenders serving a life sentence without parole in November of 2012. Even giving Plaintiff the benefit of the doubt, Petitioner had until November 30, 2013 to file his petition. Again, he did not do so. The magistrate judge thus concluded that Petitioner's *Miller* claim was time-barred.

The magistrate judge further evaluated whether equitable tolling or actual innocence could excuse Petitioner's failure to timely file his petition. The court first concluded that Petitioner had not raised any grounds that would support equitable tolling. It then concluded that he had not established actual innocence of his crime of his conviction.

Between Petitioner's objections and his supplemental objections, Petitioner raises three principle arguments.

First, he argues that *Miller* was not retroactively applicable until the Supreme Court decided *Montgomery v. Louisiana* on January 25, 2016, so his petition was timely. *See* 136 S. Ct. 718 (2016).

This argument is unavailing. The statute of limitations runs from the day the Supreme Court announces a newly-recognized constitutional right, which occurred when *Miller* was decided. *Montgomery* says as much: "The Court now holds that Miller *announced* a

substantive rule of constitutional law." 136 S. Ct. at 736 (emphasis added). Petitioner is incorrect when he asserts that the right announced in *Miller* was not retroactively applicable until *Montgomery* was decided. Thus, the magistrate judge did not err in concluding that Petitioner's *Miller* claim was time-barred.

Petitioner's second objection relates to actual innocence. The magistrate judge found that Petitioner had not established actual innocence because he offered no evidence that made it more likely than not that no reasonable juror could vote to convict him. Petitioner now argues that the Wayne County Circuit Court lacked jurisdiction over him and therefore his conviction is void.

It is a habeas petitioner's burden to show actual innocence. *Bousley v. United States*, 523 U.S. 614, 621 (1998). However, the Court made clear in *Bousley* that "'actual innocence' means factual innocence, not merely legal insufficiency." *Id.* at 623.

Here, Petitioner's attack on his conviction is one of "legal []sufficiency" alone. "[Petitioner's] attack on the adequacy of the juvenile court proceedings is simply not the sort of claim contemplated by the "actual innocence" exception[.]" *Casey v. Tennessee*, 399 F. App'x 47, 49 (6th Cir. 2010). Accordingly, this objection will be overruled.

Finally, in his supplemental objections, Petitioner offers a new theory for why his petition is timely. For the first time, he asserts that the state courts did not recognize that he was sentenced to life as a juvenile offender. Specifically, he says that the trial judge, "off the record," refused to resentence him and subsequently wrote a letter saying as much. The letter indicates that the state trial judge considered Petitioner to be 18 at the time of the offense, since his birthday was August 23, 1973 and the offense date was November 15, 1991. The

judge thus reasoned that Petitioner was not eligible for re-sentencing under *Miller*.

Petitioner has merely attempted to sidestep the bar on his constitutional claim arising out of *Miller v. Alabama*. Because this claim still relies on a newly announced retroactive constitutional decision, Petitioner's claim is time-barred, regardless of when the state trial judge informed him that he was ineligible for the relief he sought on the merits. Even if the claim were not time-barred, the Court finds that Petitioner was not a juvenile at the time of the offense, and thus he has no claim under *Miller*.

In sum, Petitioner's petition for a writ of habeas corpus lacks merits and will be denied without a certificate of appealability.

## ORDER

Petitioner's motion to supplement his objections is **GRANTED,** and the Court has considered the arguments contained within.

For the reasons given in the accompanying opinion, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as the opinion of the Court. (ECF No. 23.) Petitioner's objections are **OVERRULED** (ECF Nos. 25, 26) and Petitioner's Amended Habeas Corpus Claim is **DENIED.**

## Certificate of Appealability

The Court must determine whether a certificate of appealability should be granted. 28 U.S.C. § 2253(c)(2). A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a

reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Examining Petitioner's claims under the standard in *Slack*, the Court finds that reasonable jurists would not conclude that this Court's denial of Petitioner's claims is debatable or wrong. The Court thus **DENIES** Petitioner a Certificate of Appealability.

**IT IS SO ORDERED.**

**JUDGMENT TO FOLLOW.**

**Date:** February 5, 2019                                              /s/ Paul L. Maloney
                                                                Paul L. Maloney
                                                                United States District Judge